UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

JOSE R. LOPEZ, JR., RICHARD COLON and
JAMES E. CROMER,                                    **CASE NO.: 07-6186CJS(Fe)**
*on behalf of themselves and all other employees similarly
situated*

         Plaintiffs,    **FIRST AMENDED**
                     **COMPLAINT**

   - against -

FLIGHT SERVICES & SYSTEMS, INC. and TODD
DUNMYER,

         Defendants.

———————————————————————

## NATURE OF CLAIM

  1.  This is an action for declaratory relief and monetary damages to: (1) redress the deprivation of rights secured to plaintiffs Jose R. Lopez, Jr., Richard Colon and James E. Cromer, as well as all others employees similarly situated (collectively "putative plaintiffs" "class plaintiffs" or "class members"), under the Fair Labors Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq* ("FLSA") and the New York Labor Law, for failure to pay promised wages and other violations; and (2) redress the rights secured by the plaintiffs Jose R. Lopez, Jr., Richard Colon and James E. Cromer under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 1981, and New York Human Rights Law, for engaging in a pattern of practice of discrimination against plaintiffs.

## JURISDICTION AND VENUE

  2.  The jurisdiction of this Court is invoked pursuant to 42 U.S.C.A. § 2000e-5(f) and 28 U.S.C.A. §§ 1331 and 1343(4), 29 U.S.C.A. § 216, *et seq.* and 29 U.S.C.A. §

216(b), and 28 U.S.C. §§ 1343(3) and (4), and 28 U.S.C. § 1337 and 28 U.S.C. § 2201 and 42 U.S.C. § 1981, and under 29 U.S.C.A. § 207(a)(1).

3.     This Court's supplemental jurisdiction of claims arising under New York State Labor Law, New York common law, and the Human Rights Law is invoked pursuant to 28 U.S.C. § 1367.

4.     Venue is appropriate in the Western District of New York since allegations arose in this district and the named plaintiffs reside in this district.

## COLLECTIVE OR CLASS ACTION ALLEGATIONS FOR RELATED TO HOUR VIOLATIONS

5.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former employees of Flight Services & Systems, Inc. ("FS&S") who elect to opt into this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and specifically the collective action provision of 29 U.S.C. 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by defendants that have deprived plaintiffs and other similarly situated of their wages due.

6.     Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former employees of FS&S pursuant to Federal Rule of Civil Procedure 23, to remedy violations of New York Labor Law, Article 6, §§ 190 et seq., and Article 19, §§ 650 et seq., supporting New York State Department of Labor regulations, and under N.Y. state common law claims.   This class action is maintainable under Sections (1), (2) and (3) of Rule 23(b).

7.     The named plaintiffs bring this action on their own behalf and on behalf of a class of similarly situated persons.

8.      Given the similar nature of their employment with defendants, there are questions of law and fact that are common to the claims of the named plaintiffs and all putative class members concerning whether defendants violated Federal and New York State law by knowingly failing and refusing to pay the named plaintiffs and the putative plaintiffs all regular hourly wages and overtime due them at the appropriate rate for all hours during which they worked for defendants.

9.      The named plaintiffs' claims are typical of the claims of the putative plaintiffs.  Named plaintiffs have the same interests as all putative plaintiffs.

10.     The size of the class is believed to exceed 85 employees.

11.     The named plaintiffs, Jose R. Lopez, Jr., Richard Colon and James E. Cromer will adequately represent the interests of the class members because they are similarly situated to the class members and their claims are typical, of and concurrent to, the claims of the other class members.

12.     There are no known conflicts of interest between the named plaintiffs and the other class members.

13.     The class counsel, Phillips Lytle LLP is qualified and able to litigate the class members' claims.

14.     The class counsel concentrates its practice in litigation, including employment litigation, and its attorneys are experienced in class action litigation, including class actions arising under federal and state wage and hour laws.

15.     Prior to filing the complaint in this matter on behalf of the named plaintiffs and others similarly situated, the undersigned counsel investigated the factual basis for named plaintiffs' claims and thoroughly researched the federal and state laws

implicated in this matter.  Thus, much of the groundwork for pursuing the claims of the putative plaintiffs has already been done.

16.     Furthermore, the expense and burden of non-class litigation may well make it practically impossible for the named plaintiffs or other persons to pursue their claims against defendants individually.  There will be no difficulty in the management of this action as collective or class action.

17.     There are common questions of law and fact common to the named plaintiffs and class plaintiffs.  Such common questions of law and fact are:

- Whether defendants failed to pay named plaintiffs and the putative plaintiffs for all the hours they worked.

- Whether FS&S fraudulently altered their employees' time and payroll records to reduce the number of recorded hours of work for employees so that they would be paid less than they were owed.

- Whether named plaintiffs and the putative plaintiffs were or are entitled, under New York State and/or federal law, to receive from defendants overtime pay at the rate of one-and-a-half times their regular rate of pay for all hours that they worked in excess of 40 hours in any given work week.

- Whether FS&S' failure to pay regular wages worked and pay overtime is willful, meaning that defendants are liable for liquidated damages under the law.

## THE PARTIES

### *NAMED PLAINTIFFS*

### Jose Lopez

18.     The plaintiff, Jose Lopez, a Puerto Rican male, is a resident of the City of Rochester, County of Monroe and State of New York.

19.     Jose Lopez was employed by FS&S  in or about April of 2005.  Jose Lopez served most recently as a ramp agent from April of 2005 to August 8, 2005, when he was unlawfully terminated from his employment by defendants.

20.     At all pertinent times stated herein, Jose Lopez was employed as an hourly, non-exempt employee.

21.     At all relevant times, Jose Lopez was an employee under the FLSA and the New York Labor Law.

### Richard Colon

22.     The plaintiff, Richard Colon, a Puerto Rican male, is a resident of the City of Rochester, County of Monroe and State of New York.

23.     Richard Colon was employed by FS&S on or about April of 2005. Richard Colon served most recently as a ramp agent from April of 2005 to August of 2005, when he was unable to return to work because of an injury he sustained to his back while lifting luggage during the course of his employment at FS&S.

24.     At all pertinent times stated herein, Richard Colon was employed as an hourly, non-exempt employee.

25.     At all relevant times, Richard Colon was an employee under the FLSA and the New York Labor Law.

**James Cromer**

26.     The plaintiff, James Cromer, an African American male, is a resident of the City of Rochester, County of Monroe and State of New York.

27.     James Cromer was employed by FS&S  on or about April of 2005.  James Cromer served most recently as a lead ramp agent from April of 2005 to October of 2005, when he was unlawfully terminated from his employment by defendant.

28.     At all pertinent times stated herein, James Cromer was employed as an hourly, non-exempt employee.

29.     At all relevant times, James Cromer was an employee under the FLSA and the New York Labor Law.

*CLASS MEMBERS*

30.     The class members are those employees of defendants who were suffered or permitted to work by defendants and not paid their regular statutorily required rate of pay for all hours worked.

31.     The class plaintiffs are defined as those employees who fall within one of the following classes

**CLASS I:**     Current and former employees of FS&S who were interrupted during their meal breaks, or did not receive meal breaks, and thus did not take one half-hour of uninterrupted meal time, and were not compensated for working during their meal break.

**CLASS II:**     Current and former hourly employees of FS&S  who were suffered or permitted to work more than 40 hours in one week and then not compensated at the

rate of one-and-a-half times their regular rate, thus depriving employees of overtime compensation in the week it was earned.

*DEFENDANTS*

**Flight Services & Systems, Inc**

32.     Upon information and belief, defendant Flight Services & Systems, Inc. is an Ohio corporation, and is engaged in business in the state of New York, as well as other locations throughout the USA, performing substantially similar functions for airlines at airports.

33.     FS&S has an office and place of business at 1200 Brooks Avenue, Rochester, NY.

34.     FS&S encouraged, condoned and/or approved the unlawful conduct described herein

35.     U.S. Air, Inc., nor any carrier exercises substantial control over FS&S and its employees.

**Todd Dunmyer**

36.     Upon information and belief, defendant Todd Dunmyer is a resident of the State of New York.  At all times relevant herein, Dunmyer has been employed by FS&S in a managerial and supervisory position.

37.     Dunmyer has recently been promoted to a regional manager at FS&S.

38.     As a manager and supervisor during the time period of plaintiffs' employment at FS&S, Dunmyer was in charge of day-to-day operations, and had the power to make personnel decisions regarding the plaintiffs' employment including, the ability to hire, fire and promote.

39.     Dunmyer aided, abetted and actually participated in the unlawful conduct described herein.

40.     At all times relevant to this action, FS&S was an "employer" for purposes of Title VII, 42 U.S.C. § 2000(e) *et seq*., and the aforementioned statutes, and upon information and belief, employees in excess of 250 people.

## FACTUAL BACKGROUND

41.     In or about April of 2005, FS&S won a contract to provide flight services to U.S. Airways at Rochester International Airport.

42.     US Airways has contracted with FS&S to provide flight services at other airports throughout the United States, including Albany International Airport; Scranton/Wilkes Barre International Airport; Boston Logan International Airport; Fresno International Airport; George Bush Intercontinental Airport; O'Hare International Airport; Philadelphia International Airport; SEA-TAC Airport; Anchorage Airport; Bakersfield Meadows Field Airport; Cleveland Airport; Dallas/Fort Worth International Airport; Dulles International Airport; General Mitchell International Airport; and Norfolk International Airport.

43.     The flight services generally consisted of directing landed aircraft to the proper gate for the discharge of passengers and takeoff, cleaning of the aircraft, and the loading and unloading of luggage.

### *FACTS RELATING TO PLAINTIFFS' DISCRIMINATION CLAIMS*

44.     Plaintiffs were exemplary employees and did not disobey orders and directives from their superiors.

45.     Defendants instituted an unlawful English-only/No-Spanish rule.

46.     FS&S' management repeatedly instructed employees including, but not limited to, Jose Lopez and Richard Colon, not to speak Spanish, and to only speak English.

47.     Defendants disciplined employees for speaking Spanish.

48.     Defendants' enforcement of the English-only/No-Spanish rule constitutes disparate treatment of Hispanic employees.

49.     Defendants' English-only/No-Spanish Rule was not justified by business necessity and had an adverse disparate impact on Hispanic employees.

50.     The effect of the practices complained of above has been to deprive Jose Lopez and Richard Colon, and other similarly situated employees, of equal employment opportunities and otherwise adversely affect their status as employees because of their race and national origin.

51.     Defendants disciplined and refused to give Jose Lopez a raise because of his race and national origin.

52.     Dunmyer told James Cromer that he was going to terminate Jose Lopez for speaking Spanish to coworkers.

53.     James Cromer told Dunmyer that such conduct was discriminatory.

54.     After Dunmyer told Jose Lopez not to speak Spanish, Jose Lopez reported this incident to Sarah Collier in FS&S' Human Recourses Department.

55.     The following day, Jose Lopez was terminated.

56.     Defendants terminated Jose Lopez' employment because he was speaking Spanish to a coworker and because of his race and national origin.

57.     Defendants also terminated Jose Lopez in retaliation for his complaint about FS&S's English Only/No Spanish Policy.

58.     Dunmyer told Jose Lopez "to go home and sit on his Puerto Rican bum" on the date he was terminated.

59.     Over a period between April and August of 2005, Dunmyer promoted six individuals, five of whom were Caucasian.

60.     James Cromer was not considered for promotion because of his color and race.

61.     Richard Colon was not considered for promotion because of his race and national origin.

62.     The difference in qualifications between James Cromer, Richard Colon and the individuals promoted were so glaring that no reasonably impartial person could have chosen the candidates selected for the promotion over James Cromer and Richard Colon.

63.     James Cromer trained most, if not all, of the candidates selected for promotion, as well as other employees at the Rochester location.

64.     James Cromer and Richard Colon were not given an opportunity to apply for or be considered for the promoted positions, nor were there set criteria or qualifications established for these positions.

65.     Dunmyer simply determined which employees would be promoted, without any objective criteria or process for evaluating candidates.

66.     James Cromer informed Dunmyer that he was going to file a complaint with the New York State Division of Human Rights based on race and color discrimination.

67.     Thereafter, James Cromer's employment at FS&S was terminated by Dunmyer.

68.     James Cromer's termination from employment and/or disparate treatment were in retaliation for having complained about discrimination practices occurring at FS&S and because of his race and color.

69.     Richard Colon and Jose Lopez were required to work alone and work after his shift ended because of his national origin, color and race.

70.     Caucasian workers were, however, allowed to work in groups and leave as soon as their shifts were over.

71.     Richard Colon complained to management about this discriminatory and disparate treatment.

72.     Richard Colon's termination from employment and/or disparate treatment were in retaliation for having complained about discrimination practices occurring at FS&S and because of his race and national origin.

73.     Plaintiffs filed verified complaints with the State Division of Human Rights charging FS&S with unlawful discriminatory practice relating to employment because of national original, race and color.

74.     After investigation, the State Division of Human Rights determined that there was probable cause to believe that FS&S engaged in or is engaging in the unlawful discriminatory practices complained.

75.     True and accurate copies of such verified complaints, determinations, findings and investigations are attached hereto as **Exhibit A, B and C** respectively.  Such documents are incorporated herein by reference as if fully set forth.

76.     Notices Of Right To Sue have been issued by the U.S. Equal Employment Opportunity Commission to plaintiffs Jose R. Lopez, Richard Colon, and James Cromer. A copy of each Notice of Right To Sue are attached hereto as **Exhibits D, E and F**.  Such documents are incorporated herein by reference as if fully set forth.

77.     Dismissal for Administrative Convenience have been issued by the Division of Human Rights to plaintiffs Jose R. Lopez, Richard Colon, and James Cromer. A copy of each Dismissal for Administrative Convenience are attached hereto as **Exhibits G, H and I**.  Such documents are incorporated herein by reference as if fully set forth.

78.     Plaintiffs have complied with all prerequisites to jurisdiction in this Court under Title VII.

### *NAMED PLAINTIFFS' REPRESENTATIVE CAPACITY AND STATUS AS TO OTHER SIMILARLY SITUATED*

79.     From the beginning of plaintiffs' employment to their termination/time of disability, defendants have willfully and unlawfully deducted two and a half hours from each employee's paycheck each week to reflect thirty minutes of meal time each day.

80.     The FS&S' automatic meal break deduction is a payroll policy, practice and/or system which deducts from class members compensable time worked.

81.     FS&S' nonexempt employees often work through their scheduled breaks or are interrupted during their breaks so that they do not take the full time allowed for the break.

82.     Plaintiffs and similarly situated employees spent their meal period, and breaks, performing activities predominantly for the benefit of FS&S.

83.     Named plaintiffs were subject to the policy.

84.     Named plaintiffs worked through their breaks.

85.     Nevertheless, by operation of the policy, named plaintiffs' compensable time was impermissibly reduced under this policy.

86.     All class members are subject to the policy and are not fully compensated for work they perform during breaks.

87.     If individuals' hours had been properly calculated, the time spent working through the breaks would have resulted in plaintiffs and class members qualifying for overtime compensation.

88.     From the beginning of named plaintiffs' and class plaintiffs' employment to their termination/time of disability, defendants have willfully and unlawfully withheld overtime wages from each individuals' paycheck each week.

89.     Throughout their tenure at FS&S, named plaintiffs and class plaintiffs, frequently worked in excess of forty hours in a week.

90.     FS&S suffered and permitted class members to work those hours and defendants were aware that such employees did in fact work over forty hours in a week.

91.     FS&S, however, refused to pay class members overtime for those hours in excess of forty.

92.     It is FS&S' policy and practice to not compensate class members at a rate of one-and-a-half times their regular rate of pay for all hours in excess of forty.

93.     The FS&S s' practice is to be deliberately indifferent to these violations of the statutory overtime requirements.

94.     The unlawful employment practices complained of above were willful and intentional.

95.     At all relevant times, defendants have acted with malice and/or reckless indifference to federally protected rights of plaintiffs.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST FS&S ONLY
### *Title VII -- Discrimination*

96.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the Complaint designated as 1 though 95 with the same full force and effect as if fully set forth herein at length.

97.     The conditions of plaintiffs' employment were made intolerable by FS&S.

98.     Plaintiffs were treated disparately and discharged because of their race, color and national origin, in violations of Title VII.

99.     That by reason of the foregoing violations of Title VII, plaintiffs sustained economic damages including, but not limited to, lost wages for past and future earnings, benefits, and suffered, still suffer, and will continue to suffer for some time to come, from great pain, mental anguish, nervous shock, all to their damage.  Plaintiffs are also entitled to be compensated for reasonable costs, disbursements and attorneys' fees.

100.     Plaintiffs are entitled to punitive damages as FS&S discriminated with malice and/or with reckless indifference to federally protected rights.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST FS&S ONLY
### *Title VII -- Retaliation*

101.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the Complaint designated as 1 though 100 with the same full force and effect as if fully set forth herein at length.

102.    Plaintiffs engaged in activity protected by Title VII, mainly that they complained to management about discriminatory practices and other ill treatment that plaintiffs reasonably felt were directed at them and others because of their race, color and national origin while they were employed with the defendants.

103.    That said complaints were made in good faith.

104.    That said information was truthful.

105.    After engaging in activity protected by Title VII, plaintiffs experienced adverse job actions, that involved threats of termination, hostility and termination.

106.    The adverse job actions plaintiffs experienced were not wholly unrelated to their protected activities.

107.    The defendants retaliated against plaintiffs for engaging in activity protected by Title VII.

108.    That as a result of the defendants' actions, plaintiffs sustained economic damages including, but not limited to, lost wages for past and future earnings, benefits, and suffered, still suffer, and will continue to suffer for some time to come, from great pain, mental anguish, nervous shock, all to their damage.  Plaintiffs are also entitled to be compensated for reasonable costs, disbursements and attorneys' fees.

109.    Plaintiffs are entitled to punitive damages as FS&S discriminated with malice and/or with reckless indifference to federally protected rights.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### § 1981 -- Racial Discrimination

110.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the Complaint designated as 1 though 109 with the same full force and effect as if fully set forth herein at length.

111.    Plaintiffs were intentionally discriminated against and discharged because of their race and/or color, in violation of § 1981.

112.    That by reason of the foregoing violation of § 1981, plaintiffs sustained economic damages including, but not limited to, lost wages for past and future earnings, benefits, and suffered, still suffer, and will continue to suffer for some time to come, from great pain, mental anguish, nervous shock, all to their damage.  Plaintiffs are also entitled to be compensated for reasonable costs, disbursements and attorneys' fees.

113.    Plaintiffs are entitled to punitive damages as FS&S discriminated with malice and/or with reckless indifference to federally protected rights.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### § 1981 -- Retaliation

114.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the Complaint designated as 1 though 113 with the same full force and effect as if fully set forth herein at length.

115.    The defendants retaliated against plaintiffs for engaging in activity protected by § 1981.

116.    That by reason of defendants' actions, plaintiffs sustained economic damages including, but not limited to, lost wages for past and future earnings, benefits, and suffered, still suffer, and will continue to suffer for some time to come, from great

pain, mental anguish, nervous shock, all to their damage.  Plaintiffs are also entitled to be compensated for reasonable costs, disbursements and attorneys' fees.

117.   Plaintiffs are entitled to punitive damages as FS&S discriminated with malice and/or with reckless indifference to federally protected rights.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
*New York Executive Law § 296 – Discrimination*

118.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the Complaint designated as 1 though 117 with the same full force and effect as if fully set forth herein at length.

119.   Plaintiffs were discriminated against by defendants on the basis of their race, color and national origin in violation of New York Executive Law § 296, *et seq.*

120.   As a result of defendants' actions, plaintiffs sustained economic damages including, but not limited to, lost wages for past and future earnings, benefits, and suffered, still suffer, and will continue to suffer for some time to come, from great pain, mental anguish, nervous shock, all to their damage.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
*New York Executive Law § 296 -- Retaliation*

121.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the Complaint designated as 1 though 120 with the same full force and effect as if fully set forth herein at length.

122.   The defendants retaliated against plaintiffs for engaging in activity protected by New York Executive Law § 296, *et seq.*

123.   That as a result of the defendants' actions, plaintiffs sustained economic damages including, but not limited to, lost wages for past and future earnings, benefits,

and suffered, still suffer, and will continue to suffer for some time to come, from great pain, mental anguish, nervous shock, all to their damage.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS (COLLECTIVE ACTION)
### *FLSA -- Unpaid Wages*

124.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the Complaint designated as 1 though 123 with the same full force and effect as if fully set forth herein at length.

125.    FS&S is liable under the FLSA for, *inter alia*, failing to properly compensate plaintiffs and similarly situated current and former employees.   Upon information and belief, there are many similarly situated current and former employees of FS&S who have been underpaid in violation of FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.   Those similarly situated employees are known to FS&S, are readily identifiable, and can be located through FS&S' records.

126.    The named plaintiffs and putative class were hourly, non-exempt employees throughout their employment with defendants.

127.    Defendants' willfully failed to pay class plaintiffs wages due and owing class plaintiffs, is a violation of FLSA.

128.    Class plaintiffs have not been paid all of the regular wages and/or overtime pay to which they are entitled from Defendants under federal law.   However, defendants are fully aware of the federal regular wages and/or overtime pay laws that pertain to class plaintiffs employment.   This defendants' failure to pay class plaintiffs all

regular wages and overtime pay to which they were and still are entitled is wrongful, intentional, willful and in violation of provisions of federal law.

129.    As a result of the unlawful acts of defendants, the class plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and other compensation pursuant to 29 U.S.C. § 216(b).

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
## (CLASS ACTION)
### *New York Labor Law -- Unpaid Wages*

130.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the Complaint designated as 1 though 129 with the same full force and effect as if fully set forth herein at length.

131.    Defendants willfully failed to pay class plaintiffs wages and benefits due and owed class plaintiffs is a violation of New York Labor Law, including §§ 163, 190, 191.

132.    Class Plaintiffs have not been paid all of the regular wages and/or overtime pay to which they are entitled from Defendants under New York law.  However, defendants are fully aware of the state regular wages and/or overtime pay laws that pertain to class plaintiffs employment.  This defendants' failure to pay class plaintiffs all regular wages and overtime pay to which they were and still are entitled is wrongful, intentional, willful and in violation of provisions of state law.

133.    Due to defendants' violation of New York Labor Law, class plaintiffs are entitled to recover from defendants their unpaid overtime wages, other wages in amounts, and interest.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
## (CLASS ACTION)
### *Fraud*

134.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the Complaint designated as 1 though 133 with the same full force and effect as if fully set forth herein at length.

135.    At all relevant times herein, Dunmyer, or person acting under his express direction, concealed from class plaintiffs the fact that he wrongfully and fraudulently altered the time records of class plaintiffs by accessing computerized time-keeping system and then reducing the number of hours that class plaintiffs had reported working.

136.    As a result, class plaintiffs received paychecks from FS&S that reflected the reduced hours of work and corresponding reduced wages and pay.

137.    In providing to class plaintiffs pay checks with written payroll statements that expressly stated the number of hours of work for each class plaintiffs, Dunmyer and FS&S knowingly and falsely represented to class plaintiffs that the hours of work listed on their payroll statements were an accurate reflection of their actual hours of work, which was not the case.

138.    Dunmyer's improper alteration of class plaintiffs' reported hours was material in that it reduced the number of hours of work for which class plaintiffs were paid wages and overtime.

139.    Dunmyer and FS&S misrepresented and understated the hours of work for class plaintiffs on their written payroll statements with the specific intent of misleading class plaintiffs to believe that the hours reported were accurate, which they were not.

140.    Class plaintiffs justifiably and reasonable relied to their detriment upon Dunmyer and FS&S' representation that the hours of work reflected on their payroll statements were true and accurate, which they were not.

141.    As a result of defendants' deliberate falsification of class plaintiffs' time records and class plaintiffs' payroll statements, class plaintiffs did not receive wages and, if appropriate, overtime for all of the hours that they worked.

### AS AND FOR A TENTH CAUSE OF ACTION AGAINST FS&S (CLASS ACTION)
### *Breach of Contract*

142.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the Complaint designated as 1 though 141 with the same full force and effect as if fully set forth herein at length.

143.    In offering employment to class plaintiffs, defendant FS&S expressly promised to pay class plaintiffs their hourly wage rate for all of their hours of work, and overtime at the rate of one and one-half times their regular wage rate, if they worked more than 40 hours in any work week.

144.    Upon class plaintiffs' acceptance of FS&S' offer of employment, a contract was formed for each class plaintiff such that FS&S was required to pay class plaintiffs their hourly rate for all their hours of work, and overtime at the rate of one and one-half times their regular hourly wage rate, if they worked more than 40 hours in any work week.

145.    As a result of FS&S' wrongful, intentional and willful refusal to pay class plaintiffs for all their actual hours of work, FS&S has materially breached the terms of

the employment contracts between FS&S and plaintiffs, and plaintiffs have thereby suffered damages for all unpaid wages and overtime.

### AS AND FOR A ELEVENTH CAUSE OF ACTION AGAINST FS&S (CLASS ACTION)
#### *Breach of Implied Covenants of Good Faith*

146.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the Complaint designated as 1 though 145 with the same full force and effect as if fully set forth herein at length.

147.   FS&S is liable to class plaintiffs for breach of implied covenants of good faith.

### AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST DUNMYER (CLASS ACTION)
#### *Tortious Interference With a Contract*

148.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the Complaint designated as 1 though 147 with the same full force and effect as if fully set forth herein at length.

149.   Dunmyer is liable to class plaintiffs for tortuous interference with the class plaintiffs' contractual terms with FS&S.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST FS&S (CLASS ACTION)
#### *Unjust Enrichment*

141.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the Complaint designated as 1 though 140 with the same full force and effect as if fully set forth herein at length.

142.   As a result of FS&S' receipt and benefit of the labor performed by the class plaintiffs without lawfully paying for the same, FS&S has been unjustly enriched.

Doc # 02-125616.5

**WHEREFORE**, Plaintiffs, and class plaintiffs respectfully request this Court to enter a judgment against the defendants and in their favor as follows:

a.      Against all defendants, declaring the acts and practices complained of herein are in violation of Title VII, § 1981, The Human Rights Law, FLSA, and New York Labor Law.

b.      Enjoining and permanently restraining these violation of Title VII, § 1981, The Human Rights Law, FLSA, and New York Labor Law.

c.      Directing the defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiffs' employment opportunities.

d.      Directing defendants to make them whole for all earnings they would have received but for defendants' unlawful conduct including, but not limited to, wages, pension, bonuses, and other lost benefits.

e.      Directing defendants to reinstate plaintiffs, or if reinstatement is not possible, to award plaintiff front pay including, but not limited to, wages, pension, bonuses, and other lost benefits.

f.      Directing defendants to pay plaintiffs an additional amount as compensatory damagers for their pain and suffering.

g.      Directing defendants to pay plaintiffs an additional amount as punitive damages for their willful and/or reckless disregard for plaintiffs' statutory rights.

h.      Awarding plaintiffs reasonable attorneys' fees and costs.

i.      Awarding plaintiffs liquidated damages, and penalties, in an amount to be proven at trial.

j.       Awarding plaintiffs pre- and post-judgment interest on all such foregoing damages proven.

k.       Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

l.       Designation of plaintiffs as representatives of the Rule 23 Class, and counsel record as Class Counsel.

m.      At the earliest possible time, plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately proceeding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed in an airport by FS&S performing flight services.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

n.       Such other relief as this Court shall deem just and proper.

Dated:   August 3, 2007
         Rochester, NY

**PHILLIPS LYTLE LLP**

/S/ Chad W. Flansburg
John L. DeMarco, Esq.
Chad W. Flansburg, Esq.
Attorneys for Respondent
1400 First Federal Plaza
Rochester, New York  14614
Telephone No. (585) 238-2000
cflansburg@phillipslytle.com

Doc # 02-125616.5