UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**JOSE R. LOPEZ, RICHARD COLON** and
**JAMES E. CROMER**, on behalf of themselves and
all other employees similarly situated,

                Plaintiffs,

vs.                                     Civil Action No. 07-CV-06186 CJS(Fe)

**FLIGHT SERVICES & SYSTEMS, INC.** and
**TODD DUNMYER**,

                Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT IN PART

**UNDERBERG & KESSLER LLP**
*Attorneys for Defendants*
**FLIGHT SERVICES & SYSTEMS, INC.**
and **TODD DUNMYER**
1900 Main Place Tower
Buffalo, New York 14202
Telephone: (716) 848-9000

R. Scott DeLuca, Esq.,
Elizabeth A. Cordello, Esq.,
      Of Counsel

# PRELIMINARY STATEMENT
## AND
## STATEMENT OF FACTS

Defendants Flight Services & Systems, Inc. [herein "FS&S"] and Todd Dunmyer [herein "Dunmyer"] respectfully submit this Memorandum of Law in support of their Motion to Dismiss Plaintiffs' First Amended Complaint in Part, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Defendant FS&S was awarded a contract to provide ground services for U.S. Airways at the Rochester International Airport beginning in April, 2005, which services included directing of landed aircraft, cleaning aircraft, and loading/unloading of passenger luggage. *See* First Amended Complaint, ¶ 43. As alleged in the First Amended Complaint, Plaintiffs Jose Lopez, Richard Colon and James Cromer were employed by FS&S. *See* First Amended Complaint, ¶ 19, 23, 27. Plaintiff Lopez was employed by FS&S from April, 2005 through August, 2005, and most recently served as a ramp agent. *See* First Amended Complaint, ¶ 19. Plaintiff Colon began his employment with FS&S in April, 2005, and most recently served as a ramp agent. *See* First Amended Complaint, ¶ 23. However, Plaintiff Colon was purportedly unable to return to work after August, 2005 due to an injury he allegedly sustained at work. *See* First Amended Complaint, ¶ 23. Plaintiff Cromer was employed by FS&S from April, 2005 through October, 2005, and most recently served as a lead ramp agent. *See* First Amended Complaint, ¶ 27.

Subsequent to their respective employments, Plaintiffs Lopez, Colon and Cromer each separately filed a Complaint of Discrimination with the New York State Division of Human Rights [herein "NYSDHR"], alleging that FS&S engaged in various unlawful discriminatory practices in violation of the New York State Human Rights Law. *See* First Amended Complaint, ¶ 73. Interestingly, Plaintiffs did not assert any allegations of discrimination against Defendant

Dunmyer in their respective Complaints to the NYSDHR. As a matter of course, these Complaints of Discrimination were "dual filed" with the United States Equal Employment Opportunity Commission [herein "EEOC"], pursuant to Title VII of the Civil Rights Act of 1964. *See* First Amended Complaint, **Exh. A, B, and C**. Given that Plaintiffs Lopez, Colon and Cromer each alleged different discriminatory conduct related to their employment by FS&S, it is worth noting the specific allegations proffered by each individual in their Complaints to the NYSDHR:

- Plaintiff Lopez's Complaint, filed on August 2, 2006 (after his employment had concluded), only asserted a claim of *national origin* discrimination (*see* First Amended Complaint, **Exh. A**);

- Plaintiff Colon's Complaint, filed on July 12, 2006 (after he had stopped working for FS&S due to an injury), only asserted a claim of *national origin* discrimination (*see* First Amended Complaint, **Exh. C**); and

- Plaintiff Cromer's Complaint, filed on June 27, 2006 (after his employment had concluded), only asserted a claim of discrimination on the basis of *race/color* (*see* First Amended Complaint, **Exh. B**.

Subsequently, the NYSDHR conducted an investigation of Plaintiffs Lopez, Colon and Cromer's respective complaints and issued Determinations After Investigation on February 22, 2007. *See* First Amended Complaint, **Exh. A, B, and C**. On May 7, 2007, the EEOC issued Right-to-Sue Notices with regard to the discrimination allegations levied by Plaintiffs Lopez, Colon and Cromer. *See* First Amended Complaint, ¶ 76, **Exh. D, E and F**.

On April 10, 2007, Plaintiffs' commenced this action against Defendants FS&S and Dunmyer (the alleged supervisor of Plaintiffs Lopez, Colon and Cromer while employed by

FS&S) by the filing of a Complaint with the Clerk of this Court. On June 20, 2007, Defendants timely moved to dismiss Plaintiffs' Complaint in Part, pursuant to Federal Rule of Civil Procedure 12(b)(6). On August 3, 2007, before responding to Defendants' motion to dismiss, Plaintiffs filed a First Amended Complaint with the Clerk of this Court. Plaintiffs' First Amended Complaint asserts thirteen (13) claims for relief against Defendants, including many of the same claims included in Plaintiffs' original Complaint and still including many of the claims that were the subject of Defendants' motion to dismiss Plaintiffs' Complaint in Part. In summary, Plaintiffs' First Amended Complaint asserts the following claims:

- the First Claim alleges that FS&S engaged in unlawful employment practices on the basis of Plaintiffs' race, color, and national origin in violation of Title VII of the Civil Rights Act of 1964 (*see* First Amended Complaint, ¶¶ 96-100);

- the Second Claim alleges that FS&S engaged in unlawful employment practices in retaliation for Plaintiffs' alleged involvement in protected activity in violation of Title VII or the Civil Rights Act of 1964 (*see* First Amended Complaint, ¶¶ 101-109);

- the Third Claim alleges that both Defendants engaged in racially discriminatory practices in violation of 42 U.S.C. §1981 (*see* First Amended Complaint, ¶¶ 110-113);

- the Fourth Claim alleges that both Defendants retaliated against Plaintiffs in violation of 42 U.S.C. §1981 (*see* First Amended Complaint, ¶¶ 114-117);

- the Fifth Claim alleges that both Defendants engaged in unlawful employment practices on the basis of Plaintiffs' race, color, and national origin, in violation of the New York Human Rights Law (*see* First Amended Complaint, ¶¶ 118-120);

3

- the Sixth Claim alleges that both Defendants retaliated against Plaintiffs' for their alleged involvement in protected activity in violation of the New York Human Rights Law (*see* First Amended Complaint, ¶¶ 121-123);

- the Seventh Claim alleges that both Defendants improperly failed to pay certain wages allegedly due and owing to Plaintiffs in violation of the Fair Labor Standards Act of 1938 (*see* First Amended Complaint, ¶¶ 124-129);

- the Eighth Claim alleges that both Defendants improperly failed to pay certain wages allegedly due and owing to Plaintiffs in violation of various provisions of the New York Labor Law (*see* First Amended Complaint, ¶¶ 130-133);

- the Ninth Claim alleges that both Defendants committed fraud with regard to Plaintiffs' pay (*see* First Amended Complaint, ¶¶ 134-141);

- the Tenth Claim alleges that FS&S breached its contract with Plaintiffs by failing to pay certain wages allegedly owed to Plaintiffs (*see* First Amended Complaint, ¶¶142-145);

- the Eleventh Claim alleges that FS&S committed a breach of an implied covenants of good faith to Plaintiffs (*see* First Amended Complaint, ¶¶146-147);

- the Twelfth Claim alleges that Defendant Dunmyer tortiously interfered with a contract between Plaintiffs and FS&S (*see* First Amended Complaint, ¶¶148-149); and

- the Thirteenth Claim alleges that FS&S was unjustly enriched due to FS&S's alleged receipt and benefit of labor without paying wages for same (*see* First Amended Complaint, ¶¶141-142).

Defendants FS&S and Dunmyer now submit this motion to dismiss Plaintiffs' First Amended Complaint in Part. Specifically, Defendants seek dismissal of all or parts of the First, Second, Ninth, Tenth, Eleventh, Twelfth and Thirteenth Claims for Relief.

With regard to Plaintiffs' First and Second Claims for Relief (under Title VII of the Civil Rights Act of 1964), it is clear that some of Plaintiffs' Title VII Claims must be dismissed for failure to exhaust their administrative remedies, which is a clear precondition to suit under Title VII. *See* Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003). Based on clear precedent requiring exhaustion of administrative remedies before commencement of an action under Title VII, the only Title VII claims that should be permitted are Plaintiffs Lopez and Colon's national origin discrimination claims and Plaintiff Cromer's race/color discrimination claim, as none of the other Title VII claims asserted in the First Amended Complaint were included in Plaintiffs' administrative charges.

Plaintiffs' Ninth, Tenth, Eleventh, Twelfth and Thirteenth claims [herein, collectively, "common law claims"] must be dismissed because they are preempted by the Fair Labor Standards Act ("FLSA"). Plaintiffs' common law claims are based upon the same allegations and seek the same relief as Plaintiffs' FLSA claims. *Compare* First Amended Complaint, ¶¶ 127-129 with ¶¶ 135-142. As such, the common law claims are a mere attempt by Plaintiffs to recast their FLSA claims and should be dismissed.

However, even if this court finds that Plaintiffs' Ninth Claim for Relief (fraud) is not preempted by the FLSA, it still must be dismissed for failure to comply with the particularity requirement of Federal Rules of Civil Procedure 9(b). It is axiomatic that a claim for fraud must specify the statements that were allegedly fraudulent or misleading, when and where the statements were made, and who was responsible for the statements. *See* Goldman v. Belden, 754

F.3d 1059, 1069-70 (2d Cir. 1985). Plaintiffs' claim for fraud in this case must be dismissed because Plaintiffs have failed to satisfy the particularity requirement.

Accordingly, Defendants Flight Services & Systems, Inc. and Todd Dunmyer respectfully request that this Court issue an Order granting Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint in Part and, more specifically, issue an Order:

1. dismissing Plaintiffs' First Claim as alleged against Defendant FS&S, leaving only Plaintiffs Lopez and Colon's national origin discrimination claims and Plaintiff Cromer's race/color discrimination claim;

2. dismissing Plaintiffs' Second Claim as alleged against Defendant FS&S in its entirety;

3. dismissing Plaintiffs' Ninth, Tenth, Eleventh, Twelfth and Thirteenth Claims for relief in their entirety because they are preempted by the FLSA; and

4. alternatively, dismissing Plaintiffs' Ninth Claim for Relief because it is not plead with particularly, as required by Federal Rule of Civil Procedure 9(b); and

5. granting such other and further relief as this Court deems just and appropriate.[1]

---

[1] With regard to those allegations in Plaintiffs' First Amended Complaint that are not the subject of this motion, Defendants Flight Services & Systems, Inc. and Todd Dunmyer hereby deny the allegations in said Complaint, deny any and all liability concerning such claims, and state that they will more particularly respond to each and every allegation in Plaintiffs' First Amended Complaint after this Court has issued a Decision and Order concerning this motion, as permitted under Federal Rule of Civil Procedure 12(b) (stating that "[a] motion making any of these defenses shall be made before pleading if a further pleading is permitted").

ARGUMENT

I.  STANDARDS FOR DISMISSAL PURSUANT TO FEDERAL RULE
    OF CIVIL PROCEDURE 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) authorizes this Court to dismiss a complaint if it fails "to state a claim upon which relief can be granted."

On such a motion, it is appropriate to dismiss the complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); *see also* Woodford v. Community Action Agency of Greene County, Inc., 239 F.3d 517, 526 (2d Cir. 2001); EEOC v. SSM & RC, Inc., 2007 U.S. Dist. LEXIS 12094, at *5-8 (W.D.N.Y. Feb. 15, 2007); Vandewater v. Canandaigua National Bank, 2007 U.S. Dist. LEXIS 5785, at *3 (W.D.N.Y. January 26, 2007). Moreover, it is well-established that the Court "must view the complaint, and draw all reasonable inferences, in the light most favorable to the nonmoving party." Vandewater, 2007 U.S. Dist. LEXIS 5785, at *4 (*citing* Kramer v. Time Warner, Inc., 937 F.2d 767, 773 (2d Cir. 1991)); *see also* Woodford, 239 F.3d at 526 (*citing* Lee v. Bankers Trust Co., 166 F.3d 540, 543 (2d Cir. 1999)).

When "considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." Vandewater, 2007 U.S. Dist. LEXIS 5785, at *4 (*quoting* Kramer v. Time Warner, Inc., 937 F.2d at 773). Nevertheless, it is also well-settled that this Court may consider Plaintiffs' respective Complaints of Discrimination to the New York State Division of Human Rights [herein "NYSDHR"]. In Vandewater, this Court stated that,

> Defendants ask the Court to consider the EEOC charge in addition
> to the information contained in the complaint and amended
> complaint filed by plaintiff. Normally, to do so, the Court must

7

> convert the motion to dismiss into one for summary judgment. However, the Second Circuit, in the context of Securities complaints, has held,
>
>> when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered; it is for that reason—requiring notice so that the party against whom the motion to dismiss is made may respond—that Rule 12(b)(6) motions are ordinarily converted into summary judgment motions. Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.
>
> Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991). Since the EEOC complaint is a document plaintiff would have used in formulating her complaint, and in this case, has been provided to the Court as an attachment to the declaration of plaintiff's counsel in support of her cross-motion, the Court will consider the contents of that document without converting this into a Rule 56 summary judgment motion.

Vandewater, 2007 U.S. Dist. LEXIS 5785, at *10-11; *see also*, Steger v. Delta Airlines, Inc., 2005 U.S. Dist. LEXIS 16380, at *6 (E.D.N.Y. Aug 5, 2005) (considering ERISA employee benefit plan referenced in plaintiff's complaint) (*citing* Berg v. Empire Blue Cross & Blue Shield, 105 F. Supp. 2d 121, 126 (E.D.N.Y. 2000)).

In this case, not only have Plaintiffs made specific reference to their respective administrative Complaints of Discrimination, Plaintiffs have also appended to the First Amended Complaint their NYSDHR Complaints of Discrimination (*see* First Amended Complaint, **Exh. A, B and C**), and the NYSDHR's Determinations After Investigation (*see* First Amended Complaint, **Exh. D, E and F**). Therefore, this Court may consider Plaintiffs' Complaints of Discrimination filed with the NYSDHR during its consideration of this motion without converting this motion to dismiss into a summary judgment motion.

## II. PORTIONS OF PLAINTIFFS' FIRST AND SECOND CLAIMS FOR RELIEF, PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, MUST BE DISMISSED.

It is clear that Plaintiff have alleged claims under Title VII of the Civil Rights Act of 1964 that cannot survive this motion and must be dismissed. It is axiomatic that, prior to commencement of an action under Title VII, all claimants must first exhaust their administrative remedies by filing a Charge of Discrimination with the Equal Employment Opportunity Commission [herein "EEOC"] or an equivalent state agency, such as the NYSDHR, and must include all of the claimant's allegations and claims. Here, while Plaintiffs admittedly filed Complaints of Discrimination with the NYSDHR, said Complaints did not allege all of the claims now asserted in this litigation. Specifically, Plaintiffs' First Amended Complaint asserts claims of discrimination on the basis of race, color, and national origin, as well as retaliation, on behalf of all three Plaintiffs. *See* First Amended Complaint, ¶¶ 96-123. Plaintiffs Lopez, Colon and Cromer have failed to exhaust their administrative remedies concerning those allegations that were not included in their respective administrative complaints. Accordingly, the First Amended Complaint must be dismissed to the extent it asserts claims for relief that were not included in Plaintiffs' administrative complaints.

The Second Circuit has repeatedly held that, "[a]s a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC." Deravin v. Kerik, 335 F.3d 195, 200 (2d Cir. 2003) (*citing* Fitzgerald v. Henderson, 251 F.3d 345, 358-59 (2d Cir. 2001)); Legnani v. Alitalia Linee Aeree Italiane, S.P.A., 274 F.3d 683, 686 (2d Cir. 2001)); *see also*, Hernandez v. Industrial Medicine Assocs., 2006 U.S. Dist. LEXIS 69155, at *27 (W.D.N.Y. Sept. 14, 2006). Indeed, this Court on numerous occasions has dismissed claims asserted in litigation that were not included in the

plaintiff's administrative charge of discrimination. *See, e.g.,* Vandewater, 2007 U.S. Dist. LEXIS 5785, at *13-16 (dismissing retaliation claim that was not included in Charge of Discrimination); Banks v. State Univ. of N.Y. at Buffalo, 2007 U.S. Dist. LEXIS 20529, at *18-19 (W.D.N.Y. March 21, 2007) (dismissing disability discrimination claim not included in EEOC Charge); Ortiz v. Hurley Corp., 2005 U.S. Dist. LEXIS 12420, at *4-5 (W.D.N.Y. March 11, 2005) (dismissing age discrimination claim because of failure to include such a claim in EEOC Charge); Budde v. United Refining Co. of Penn., 2004 U.S. Dist. LEXIS 13722, at *4-6 (W.D.N.Y. July 2, 2004) (dismissing claim under Americans with Disabilities Act due to failure to allege disability discrimination in EEOC Charge).

In this case, Plaintiffs have alleged discrimination and retaliation claims in this matter that were not included in their administrative charge. Specifically, consider the following facts:

- Plaintiff Lopez's Complaint of Discrimination to the NYSDHR, filed after his employment had concluded, only asserted a claim of ***national origin*** discrimination (*see* First Amended Complaint, **Exh. A**);

- Plaintiff Cromer's Complaint of Discrimination to the NYSDHR, filed after his employment had concluded, only asserted a claim of discrimination on the basis of ***race/color*** (*see* First Amended Complaint, **Exh. B**); and

- Plaintiff Colon's Complaint of Discrimination to the NYSDHR, filed after he had stopped working for Defendant FS&S due to an injury, only asserted a claim of ***national origin*** discrimination (*see* First Amended Complaint, **Exh. C**).

Accordingly, to the extent that Plaintiffs have failed to file an administrative complaint with the NYSDHR or the EEOC, it is clear that such claims cannot proceed in this litigation. Therefore, Defendants request that Plaintiffs' claims be dismissed as follows:

- As to <u>Plaintiff Lopez</u>, the First and Second claims for relief in the First Amended Complaint should be dismissed to the extent it alleges claims of discrimination on the basis of race, color and retaliation (allowing only a claim of national origin discrimination);

- As to <u>Plaintiff Colon</u>, the First and Second claims for relief in the First Amended Complaint should be dismissed to the extent it alleges claims of discrimination on the basis of race, color and retaliation (allowing only a claim of national origin discrimination); and

- As to <u>Plaintiff Cromer</u>, the First and Second Claims for relief in the First Amended Complaint should be dismissed to the extent it alleges claims of discrimination on the basis of national origin and retaliation (allowing only a claim of race/color discrimination).

Thus, this Court should grant Defendants' motion to dismiss Plaintiffs' First and Second Claims under Title VII, and only permit Plaintiffs' Title VII claims for national origin discrimination (as to Plaintiffs Lopez and Colon) and race discrimination (as to Plaintiff Cromer) to proceed through the discovery phase of this litigation.

### III. PLAINTIFFS' NINTH, TENTH, ELEVENTH, TWELFTH AND THIRTEENTH CLAIMS FOR RELIEF MUST BE DISMISSED BECAUSE THEY ARE PREEMPTED BY THE FAIR LABOR STANDARDS ACT.

Plaintiffs' state common law claims for relief are based on the same facts, and seek the same relief, as Plaintiffs' claims under the Fair Labor Standards Act of 1938. Therefore, Plaintiffs' Ninth (fraud), Tenth (breach of contract), Eleventh (breach of implied covenants of good faith), Twelfth (tortious interference with a contract) and Thirteenth (unjust enrichment) claims for relief must be dismissed, as a matter of law. *See* <u>First Amended Complaint</u>, ¶¶134-142.

Numerous courts have held that the Fair Labor Standards Act of 1938 [herein "FLSA"] preempts state common law claims that merely recast claims that can be—or have been— asserted under the FLSA. *See* Choimbol v. Fairfield Resorts, Inc., 2006 U.S. Dist. LEXIS 68225, at *17-23 (E.D.Va. Sept. 11, 2006) (dismissing common law unjust enrichment and conspiracy/fraud claims based on FLSA preemption); Moeck v. Gray Supply Corp., 2006 U.S. Dist. LEXIS 511, at *4-6 (D.N.J. Jan. 5, 2006) (dismissing common law fraud and negligence claims as duplicative of and preempted by FLSA); Chen v. Street Beat Sportswear, Inc., 364 F. Supp. 2d 269, 292-93 (E.D.N.Y. 2005) (dismissing three common law claims sounding in negligence based on FLSA preemption); Johnston v. Davis Security, Inc., 217 F. Supp. 2d 1224, 1227-28 (D.Utah 2002) (dismissing numerous state common law claims based on FLSA preemption); Alexander v. Vesta Ins. Group, Inc., 147 F. Supp. 2d 1223, 1241 (N.D.Ala. 2001) (dismissing common law fraud claim based on FLSA's preemptive impact); Petras v. Johnson, 1993 U.S. Dist. LEXIS 8464, at *4-11 (S.D.N.Y. June 22, 1993) (dismissing fraud claim and claim for punitive damages on basis that said claims were preempted by FLSA); Tombrello v. USX Corp., 763 F. Supp. 541, 545 (N.D.Ala. 1991) (dismissing common law claims, and holding that "plaintiff cannot circumvent the ***exclusive remedy prescribed by Congress*** by asserting equivalent state [common] law claims in addition to FLSA claim" (emphasis added)); Nettles v. Techplan Corp., 704 F. Supp. 95, 100 (D.S.C. 1998) (dismissing common law negligence claims as preempted by FLSA); *see also*, Conner v. Schnuck Markets, Inc., 906 F. Supp. 606, 614-15 (D.Kan. 1995), *aff'd*, 121 F.3d 1390, 1399 (10th Cir. 1997) (dismissing state common law retaliation claim because same claim is available under FLSA). The key factor for FLSA preemption of a state common law claim is determining whether the FLSA claim and state common law claims are based on the same or similar facts.

For example, in Petras v. Johnson, the plaintiff asserted a common law claim of fraudulent misrepresentation with regard to the overtime compensation he claimed he was entitled to receive, as well as a claim for punitive damages. 1993 U.S. Dist. LEXIS 8464, at *2. On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court stated that "[c]ourts have consistently held that the above statute [29 U.S.C. §207] is the exclusive remedy for enforcing rights created under the FLSA." Id. at *4-5 (citing cases). Moreover, relying on Lerwill v. Inflight Motion Pictures, Inc., 343 F. Supp. 1027 (N.D.Cal. 1972), the court noted that "several courts have dismissed common law tort claims brought in conjunction with the FLSA as precluded by the FLSA as a matter of law." Id. at *6-7. Thus, the Court concluded that, "[b]ecause defendants' alleged fraud consists of the intentional frustration of the FLSA overtime rules, for which the FLSA provides a remedy in the form of liquidated damages," the plaintiff's common law fraud claim (and the concomitant claim for punitive damages) were dismissed. Id. at 10-11.

Similarly, in Johnston v. Davis Security, Inc., the Court granted the defendants' motion to dismiss the plaintiff's ten (10) state common law claims, including claims of unjust enrichment, fraud, breach of contract, and breach of the implied covenant of good faith, based on FLSA preemption. 217 F. Supp. 2d 1224, 1227-28. In Johnston, the defendants sought dismissal of these common law claims because they were based on the same facts (and even sought the same relief) as the plaintiff's FLSA claim. Id. at 1226. The Court granted this motion, dismissing all of these duplicative common law claims, based on a Tenth Circuit decision, stating: "'plaintiffs seeking to assert a common law cause of action for retaliation when they have a federal statutory right' are precluded from bringing the common law claim because of the 'alternative statutory remedy available under the FLSA.'" Id. at 1227 (*citing* Conner v. Schnuck Markets, Inc., 121

F.3d 1390, 1399 (10th Cir. 1997)). Thus, the Court concluded that the plaintiff's "common law claims would be barred as merely duplicative of her FLSA claims", and, therefore, dismissed all of those common law claims. Id.

In Choimbol v. Fairfield Resorts, Inc., the Court likewise granted a motion to dismiss (pursuant to Federal Rule of Civil Procedure 12(c)), and dismissed common law unjust enrichment and conspiracy/fraud claims. 2006 U.S. Dist. LEXIS 68225, at *17-23. The court relied on "Congress' intent to provide a comprehensive remedial scheme under the FLSA", and concluded that "courts examining the issue of preemption have repeatedly focused on whether the factual basis for claims essentially duplicate or are equivalent to the plaintiffs' respective FLSA claims." Id. at 20-21 (citing cases). The Court concluded that the plaintiffs' common law claims "stem directly from their minimum wage and overtime claims under the FLSA". Id. at 22. Relying on the decisions in Chen and Petras (and others), the Court held that "[b]ecause the FLSA provides an exclusive remedial scheme for such conduct, the Court cannot allow the Plaintiffs' [state common law] claims…to proceed", and granted the motion to dismiss those claims. Id. at 23.

In this case, there is utterly no question that all of Plaintiffs' common law claims are based on the same facts alleged by Plaintiffs for relief pursuant to the FLSA. Further, the common law claims often seek the same relief provided for in the FLSA. Because Plaintiffs seek the same relief and allege the same facts under their common law claims as under their FLSA claims, these claims must be dismissed because they are preempted by the FLSA. *Compare* First Amended Complaint ¶¶124-129 and ¶¶ 134-142.

Given that Plaintiffs' Ninth (fraud), Tenth (breach of contract), Eleventh (breach of implied covenants of good faith), Twelfth (tortious interference with a contract) and Thirteenth

(unjust enrichment) claims for relief are all based on precisely the same factual circumstances as Plaintiffs' FLSA claims, it is clear that these common law claims for relief must be dismissed as duplicative, unnecessary, and preempted by the FLSA.

**IV. PLAINTIFFS' CAUSE OF ACTION FOR FRAUD MUST BE DISMISSED FOR FAILURE TO COMPLY WITH THE PLEADING REQUIREMENTS OF FED. R. CIV. P. 9(b).**

Even if this Court finds that Plaintiffs' Ninth Claim for relief for fraud is not preempted by the FLSA, it should still be dismissed because Plaintiffs have failed to comply with the requirement that they plead all claims for fraud with particularity and, therefore, the Ninth Claim for Relief must be dismissed.

Federal Rule of Civil Procedure 9(b) states, in relevant part, that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The particularity requirement of Rule 9(b) is designed to further three goals: (1) to provide a defendant with fair notice of the plaintiff's claim, (2) to protect a defendant from harm to his or her reputation or goodwill, and (3) to reduce the number of strike suits. Stern v. Leucadia Nat'l Corp., 844 F.2d 997, 1003 (2d Cir. 1988).

To satisfy the particularity requirement of Federal Rule of Civil Procedure 9(b), a complaint must adequately specify the statements that were allegedly false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements. *See* Goldman v. Belden, 754 F.2d 1059, 1069-70 (2d Cir. 1985). Plaintiffs' claim for fraud in the instant case must be dismissed because Plaintiffs fail to allege when and where the alleged fraudulent activity took place. Fraud allegations must specify the time, place, speaker, and content of the alleged misrepresentations. *See* DiVittorio v. Equidyne Extractive Industries, Inc.,

822 F.2d 1242, 1247 (2d Cir. 1987) (*citing* Luce v. Edelstein, 802 f.2d 49, 54 (2d Cir. 1987)); *see also* Caputo v. Pfizer, Inc., 267 F.3d 181, 191 (2d Cir. 2001); Ross v. A.H. Robins Company, Inc., 607 F.2d 545, 550 (2d Cir. 1979) (concluding that pleading was insufficient where it failed to particularize time when defendants committed allegedly fraudulent conduct).

In the instant case, it is impossible to determine whether Plaintiffs have a viable claim because the First Amended Complaint fails to state when the alleged fraudulent conduct occurred, for how long it had been occurring, whether it is still occurring, when Defendant(s) knew of or participated in the alleged fraudulent conduct and when Plaintiffs knew or should have known of the alleged fraudulent conduct. Further, the First Amended Complaint fails to specify which of FS&S's "numerous" locations is participating in the alleged fraud.

Plaintiffs' fraud claim clearly falls short of the particularity requirement set forth in Fed. R. Civ. P. 9(b). As a result of this shortcoming, Defendants are deprived of fair notice of the claims being asserted against them and may unfairly have their reputations tarnished. As such, Plaintiffs' claim for fraud (Ninth Claim for Relief) should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Flight Services & Systems, Inc. and Todd Dunmyer respectfully request that this Court grant their motion to dismiss portions of Plaintiffs' Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), and, more specifically, issue an Order:

1. dismissing Plaintiffs' First Claim for Relief as alleged against Defendant FS&S, leaving only Plaintiffs Lopez and Colon's national origin discrimination claims and Plaintiff Cromer's race/color discrimination claim;

2. dismissing Plaintiffs' Second Claim for Relief in its entirety;

3. dismissing Plaintiffs' Ninth, Tenth, Eleventh, Twelfth and Thirteenth Claims for Relief in their entirety;

4. alternatively, dismissing Plaintiffs' Ninth Claim for Relief because this claim was not plead with particularly, as required by Federal Rule of Civil Procedure 9(b); and

5. granting such other and further relief as this Court deems just and appropriate.

**UNDERBERG & KESSLER LLP**

/s/ R. Scott DeLuca
R. Scott DeLuca, Esq.
Elizabeth A. Cordello, Esq.
*Attorneys for Defendants*
**FLIGHT SERVICES & SYSTEMS, INC.
AND TODD DUNMYER**
1900 Main Place Tower
Buffalo, New York 14202
Telephone: (716) 848-9000
Facsimile: (716) 847-6004
E-Mail: sdeluca@underbergkessler.com
ecordello@underberkessler.com

17

G:\Microsoft\UKF\FlightServicesSystems\FLSA Litigation\Pleadings\Motion to Dismiss First Amended Complaint\Memo of Law.09142007.doc