UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**JOSE R. LOPEZ, RICHARD COLON** and
**JAMES E. CROMER**, on behalf of themselves and
all other employees similarly situated,

        Plaintiffs,

vs.            Civil Action No. 07-CV-06186 CJS(Fe)

**FLIGHT SERVICES & SYSTEMS, INC.** and
**TODD DUNMYER**,

        Defendants.

### DEFENDANTS' REPLY MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS PORTIONS OF
### PLAINTIFFS' FIRST AMENDED COMPLAINT

**UNDERBERG & KESSLER LLP**
*Attorneys for Defendants*
**FLIGHT SERVICES & SYSTEMS, INC.**
and **TODD DUNMYER**
1900 Main Place Tower
Buffalo, New York 14202
Telephone: (716) 848-9000

R. Scott DeLuca, Esq.,
Elizabeth A. Cordello, Esq.,
  Of Counsel

# PRELIMINARY STATEMENT

Defendants Flight Services & Systems, Inc. ("FS&S") and Todd Dunmyer ("Dunmyer"). [herein, collectively, "Defendants"] respectfully submit this Reply Memorandum of Law in further support of their motion to dismiss portions of the Plaintiffs' First Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons set forth below, Defendants request that this Court issue an Order granting its motion to dismiss portions of Plaintiffs' First Amended Complaint and, more specifically:

1. dismissing Plaintiffs' First Claim as alleged against Defendant FS&S, leaving only Plaintiffs Lopez's national origin discrimination claims and Plaintiff Cromer's race/color discrimination claim;

2. dismissing Plaintiffs' Second Claim as alleged against Defendant FS&S in its entirety;

3. dismissing Plaintiffs' Ninth, Tenth, Eleventh, Twelfth and Thirteenth Claims for relief in their entirety because they are preempted by the FLSA;

4. alternatively, dismissing Plaintiffs' Ninth Claim for Relief because it is not plead with particularly, as required by Federal Rule of Civil Procedure 9(b); and

5. granting such other and further relief as this Court deems just and appropriate.

**ARGUMENT**

I. **PLAINITFF LOPEZ'S RACE DISCRIMINATION CLAIM IS NOT REASONABLY RELATED TO HIS CLAIM OF NATIONAL ORIGIN DISCRIMINATION AND MUST BE DISMISSED.**

Plaintiffs' First Amended Complaint must be dismissed to the extent it asserts a claim of race discrimination on behalf of Plaintiff Jose Lopez.

In opposition to Defendants' motion to dismiss, Plaintiff Lopez argues that even though he failed to allege race discrimination in his administrative complaint, that claim should not be dismissed for failure to exhaust the requisite administrative remedies because his race discrimination claim is "reasonably related" to his national origin discrimination claim. In support of this claim, Plaintiff Lopez relies on the "loose pleading" exception to the administrative exhaustion requirement which allows claims not asserted before the Equal Employment Opportunity Commission ("EEOC") to proceed if such claims are "reasonably related" to those claims filed before the EEOC. *See* Butts v. The City of New York Department of Housing Preservation And Development, 990 F.2d 1397, 1402 (2nd Cir. 1993) (*abrogated by statute on other grounds, as noted in* Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 693 (2nd Cir. 1998). However, it is clear that the "loose pleading" exception is not applicable to Plaintiff Lopez's race discrimination claim and, therefore, that claim must be dismissed.

In general, "an assertion of racial bias is conceptually distinct from a claim of discrimination based on national origin." Dixit v. City of New York Dep't of Gen. Servs., 972 F. Supp. 730, 734 (S.D.N.Y. 1997). Some Courts have treated the term "Hispanic" as a racial category where the plaintiff provided information to the EEOC that would reasonably cause the EEOC to investigate both national origin and racial discrimination even though the plaintiff only specified one basis for discrimination. *See, e.g.,* Alonzo v. Chase Manhattan Bank, N.A., 25 F.

Supp. 2d 455, 460 (S.D.N.Y. December 3, 1998) (denying defendants' motion to dismiss plaintiff's race discrimination claim for failure to exhaust administrative remedies, because the designation of "Hispanic" does not necessarily preclude a claim of racial discrimination.). This is concept is not applicable in the case of Plaintiff Lopez.

In his Verified Complaint filed with the New York State Division of Human Rights ("DHR"), Plaintiff Lopez alleges that he was discriminated against because he is Puerto Rican. *See* First Amended Complaint, **Exhibit A**. Plaintiff Lopez's Verified Complaint to the DHR does not state his race, nor does the Verified Complaint use the term "Hispanic". *See* First Amended Complaint, **Exhibit A**. Plaintiff Lopez refers solely to his affiliation with a particular country, Puerto Rico, as the basis of the alleged discrimination—not an affiliation with any "Hispanic" heritage or race. As such, neither the DHR, nor the EEOC, had any cause or basis to also investigate an additional claim of race discrimination.

Indeed, after an investigatory conference at which the Plaintiff was present, a Determination After Investigation ("Determination") and Inter-Office Memorandum ("Memorandum") was issued by the DHR which clearly shows that only Plaintiff Lopez's allegation of national origin discrimination was investigated. *See* First Amended Complaint, **Exhibit A**. This factor indicates that Plaintiff Lopez failed to exhaust his administrative remedies with respect to his claim of race discrimination. *See* Dixit, 972 F. Supp. at 734 (holding that no speculation was required regarding what administrative agency would have investigated in ambiguous complaint where an investigation was conducted and a determination was issued with regard to a specified basis of discrimination); *see also,* Mathura v. Council for Human Services Home Care Services, Inc., 1996 U.S. Dist. LEXIS 4127, at *5-6 (S.D.N.Y. April 4, 1996) (dismissing plaintiff's claims of national origin, gender and disability

discrimination where DHR Determination addressed only plaintiff's race/color discrimination claim.) Given that Plaintiff Lopez failed to indicate his race in his Verified Complaint to the DHR, to identify race as a basis for discrimination on his Verified Complaint to the DHR, and to allege race as a basis of discrimination during the investigatory conference (as described in the DHR's Memorandum appended to Plaintiff's First Amended Complaint) which resulted in the DHR Determination based solely on the claim of national origin discrimination, his claim for race discrimination must be dismissed for failure to exhaust his administrative remedies.

## II. PLAINTIFF CROMER'S CLAIM FOR NATIONAL ORIGIN DISCRIMINATION IS NOT REASONABLY RELATED TO HIS CLAIM FOR RACE/COLOR DISCRIMINATION AND MUST BE DISMISSED.

Plaintiffs' opposition Memorandum of Law does not oppose (and therefore, presumably, concedes) Defendants' contention that Plaintiff Cromer's claim of national origin discrimination must be dismissed for failure to exhaust administrative remedies. Indeed, Plaintiff Cromer's administrative charge makes no reference to which country he comes from. *See* First Amended Complaint, **Exhibit B**. This fact warrants dismissal of Plaintiff Cromer's national origin discrimination claim for failure to exhaust his administrative remedies. *See* Cordero v. Heyman, 1998 U.S. Dist. LEXIS 16289, at *13-14 (S.D.N.Y. October 19, 1998) (dismissing plaintiff's national origin discrimination for failure to exhaust administrative remedies, Court noted that plaintiff failed to identify his national origin in administrative complaint form). Further, the term "black", the only term now utilized by Plaintiff Cromer in identifying his protected class, does not trigger the concept of national origin or an affiliation with a particular country. *See* First Amended Complaint**, Exhibit B**; *see also* Alonzo v. Chase Manhattan Bank, N.A*.,* 25 F. Supp. 2d 455, 459 (December 3, 1998) (stating in dicta, "[w]hereas the term 'black' or even

4

'Asian' does not trigger the concept of national origin or an affiliation to a particular country, the term 'Hispanic' may trigger the concept of race.").

Finally, the Determination and Memorandum issued after the investigation at which Plaintiff Cromer was present clearly indicates that Plaintiff Cromer did not testify that he was discriminated against based upon national origin discrimination and the DHR only investigated Plaintiff Cromer's claim of race/color discrimination.  *See* First Amended Complaint**, Exhibit B.**  As such, Plaintiff Cromer's claim for national origin discrimination must be dismissed.  *See* Dixit, 972 F. Supp. at 734 (holding no speculation required regarding what administrative agency would have investigated in an ambiguous complaint where investigation was conducted and determination was issued with regard specified protected category);  *see also* Mathura, 1996 U.S. Dist. LEXIS 4127, at *5-6 (dismissing plaintiff's claims of national origin, gender and disability discrimination where DHR Determination addressed only plaintiff's race/color discrimination claim.)

### III. PLAINTIFF COLON'S CLAIMS UNDER TITLE VII ARE UNTIMELY AND MUST BE DISMISSED FOR FAILURE TO EXHAUST THE REQUIRED ADMINISTRATIVE PROCESS.

Plaintiff Colon did not properly exhaust the requisite administrative process when he filed his administrative charge of discrimination and, therefore, all of his claims under Title VII must be dismissed.  Specifically, Plaintiff Colon has asserted claims for national origin and race/color discrimination and retaliation, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") in the First and Second Claims alleged in Plaintiffs' First Amended Complaint.  However, Plaintiff Colon failed to file his claims with the EEOC (or with the New York Division of Human Rights) within 300 days after the last discriminatory act.  Accordingly, these

claims of discrimination and retaliation must be deemed untimely and dismissed. See 42 U.S.C.S. §2000e-5.[1]

In states such as New York that have an agency with the authority to address charges of discriminatory employment practices, the statute of limitations for filing a charge of discrimination with the EEOC is 300 days. 42 U.S.C. § 2000e-5(e); *See also* Gomes v. Avco Corp., 964 F.2d 1330, 1332-33 (2d Cir. 1992)(300 day limitations period applies where claimant "simultaneously" filed charge of discrimination with state agency and EEOC). Plaintiff Colon's Verified Complaint, which was filed with the DHR (and dual-filed with the EEOC) on July 12, 2006, alleged the most recent act of discrimination was August 29, 2005. *See* First Amended Complaint, **Exhibit C**. Plaintiff Colon filed his Verified Complaint 317 days after the last alleged discriminatory act, well past the statutory deadline of 300 days. Indeed, the Verified Complaint form signed by Plaintiff Colon specifically states that the DHR's acceptance of the Verified Complaint on behalf of the EEOC, "**is subject to the statutory limitations contained in [Title VII]**". *See* First Amended Complaint, **Exhibit C** [emphasis added]. Therefore, all claims asserted by Plaintiff Colon under Title VII must be deemed untimely and dismissed for failure to exhaust administrative remedies.

---

[1] 42 USCS § 2000e-5 specifically addresses time limitations applied to complaints initially filed with a state administrative agency, such as in the case of Plaintiff Colon, stating:
> in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

### IV. PLAINTIFFS' CLAIMS OF RETALIATION ARE NOT REASONABLY RELATED TO THEIR CLAIMS OF DISCRIMINATION.

Plaintiffs fail to cite a single case in support of their contention that their retaliation claims are "reasonably related" to their claims of discrimination. Generally, a claim for retaliation which is not included in an administrative complaint is deemed to be reasonably related to a claim of discrimination where the retaliatory act occurred **after** the administrative charge was filed. *See, e.g.*, Butts v. City of New York Dep't of Housing Preserv. & Devel., 990 F.2d 1397, 1402 (2nd Cir. 1993) (*abrogated by statute on other grounds, as noted in* Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 693 (2nd Cir. 1998) (stating that "second type of 'reasonably related' claim is one alleging retaliation by an employer against an employee for filing an EEOC charge"); *see also* Abraham v. Potter, 494 F. Supp. 2d 141, 151-152 (D. Conn. 2007) (stating that "[w]hen the alleged retaliation is not based on actions subsequent to the filing of the EEOC Charge, the relaxed exhaustion requirement…does not apply"). In this case, the alleged retaliatory acts occurred prior to each Plaintiffs' filing of their administrative charge. *See* First Amended Complaint, **Exhibits A, B and C**.

Furthermore, during each of the Plaintiffs' investigatory conferences before the DHR, during which each Plaintiff was present, the claims of retaliation were not investigated or discussed. *See* First Amended Complaint, **Exhibits A, B and C**. Moreover, the subsequent Determinations and Memoranda issued by the DHR clearly indicate that any potential claims retaliation were not investigated. *See* First Amended Complaint, **Exhibits A, B and C**. This factor is indicative that Plaintiffs' retaliation claims are not reasonably related to the discrimination claims actually contained in their Verified Complaints. *See* Dixit, 972 F. Supp. at 734 (noting that no speculation was required regarding what the administrative agency would

have investigated in an ambiguous complaint where an investigation was conducted and a determination was issued); *see also*, Mathura, 1996 U.S. Dist. LEXIS 4127, at *5-6 (dismissing plaintiff's claims of national origin, gender and disability discrimination where DHR Determination addressed only plaintiff's race/color discrimination claim.) As such, Plaintiffs have failed to establish that they have exhausted their administrative remedies for their claims of retaliation and, therefore, all of their claims for relief for retaliation must be dismissed.

V. **PLAINITFFS' COMMON LAW CLAIMS ARE COMPLETELY PREEMPTED BY THE FLSA AND MUST BE DISMISSED.**

Plaintiffs have failed to refute or distinguish any of the cases cited by the Defendants in support of their argument that Plaintiffs' common law claims for relief must be dismissed because they are completely preempted by the Fair Labor Standards Act of 1938 ("FLSA"). Instead, in the face of overwhelming authority from throughout the Second Circuit, Plaintiffs rely on upon decisions from the Southern District of Mississippi and a Ninth Circuit decision in support of their argument that their common law claims are not preempted by the FLSA. See Washington v. Fred's Stores of Tennessee, Inc., 427 F. Supp. 2d 725 (S.D.Miss. 2006); Williamson v. General Dynamics Corporation, 208 F.3d 1144 (9th Cir. 2000). However, both of the cases cited by Plaintiffs are completely distinguishable and do not support Plaintiffs' argument in opposition to Defendants' motion.

In Washington, the court denied defendant's motion to dismiss plaintiffs' common law claims for conversion and negligent supervision as preempted by the FLSA because plaintiffs: a) relied on facts other than those facts asserted for their FLSA claims; and b) sought relief other than relief provided by the FLSA. 427 F. Supp. 2d 725, 729 (S.D.Miss. 2006). The decision in the Washington matter is utterly distinguishable from the instant case because Plaintiffs herein

have not alleged negligent supervision and conversion against Defendants. *See* First Amended Complaint, *generally*. Furthermore, despite Plaintiffs' conclusory statements to the contrary, their common law claims for relief seek payment of alleged unpaid wages and overtime – the same relief sought in Plaintiffs' FLSA claims, based on the same facts. *See* First Amended Complaint, *compare* ¶¶124-133 (seeking damages for unpaid wages and overtime compensation) *with* ¶¶134-149[2] (similarly seeking damages for unpaid wages and overtime compensation). In fact, the decision in Washington was subsequently distinguished by a case cited in Defendants' Memorandum of Law in support of their Motion to Dismiss Portions of Plaintiffs' Complaint. *See* Choimbol v. Fairfield Resorts, Inc., 2006 U.S. Dist. LEXIS 68225, at *22-23 (E.D.Va. September 11, 2006) (holding plaintiffs' common law claims for unjust enrichment and fraud were preempted by the FLSA because the common law claims were based on the same facts as the FLSA claims and sought the same relief, *i.e.*, overtime and wages, as the FLSA claims). Like in the Choimbol decision, Plaintiffs herein seek relief for unjust enrichment and fraud, in addition to other common law claims, claiming only damages for unpaid wages and overtime compensation.

Likewise, the Ninth Circuit's decision in Williamson is also distinguishable. In that case, the plaintiffs appealed a district court decision dismissing their common law claim of career fraud.[3] *See* Williamson, 208 F.3d at 1148. The Ninth Circuit reversed the district court's decision, finding that the allegations supporting the plaintiffs' career fraud claim were not actionable under the FLSA and were not duplicative of their possible FLSA claims. Id. at 1152-

---

[2] Plaintiffs' First Amended Complaint includes two distinct sets of allegations enumerated as Paragraphs 141 and 142. In this instance, this citation actually refers to all of the allegations asserted within Plaintiffs' Ninth, Tenth, Eleventh, Twelfth, and Thirteenth Claims for Relief (including ¶¶134-149, and the second allegations referred to as ¶¶141-42 (which should actually be ¶¶150-51)).

[3] Notably, the plaintiffs in that action did **not** appeal the district court's decision dismissing their common law claim concerning wage fraud as preempted by the FLSA. *See* Williamson, 208 F.3d at 1148.

9

53. The Ninth Circuit further stated in dicta, "claims that are directly covered by the FLSA (such as overtime and retaliation disputes) must be brought under the FLSA". Id. at 1154. Unlike Williamson, Plaintiffs' common law claims in the instant case are directly covered by the FLSA because the claims are based on the same facts and seek the same relief that is available under the FLSA.

Thus, Plaintiffs' opposition to this argument must be rejected out of hand, given the dearth of authority cited by Plaintiffs and the vast majority of authority cited by Defendants supporting dismissal of these duplicative and preempted claims. Therefore, as more fully set forth in Defendants' Memorandum of Law in support of this motion, it is clear that Plaintiffs' common law claims seeking relief that is already provided under the FLSA must be dismissed.

## VI. CONTRARY TO THEIR CONTENTION, PLAINITFFS' FRAUD CLAIM MUST BE DISMISSED FOR FAILURE TO PLEAD WITH PARTICULARITY.

Plaintiffs also fail to refute or distinguish any of the cases cited by Defendants in support of their contention that Plaintiffs' common law claim for fraud must alternatively be dismissed for failure to plead with particularity, as required by Federal Rule of Civil Procedure 9(b). Instead, Plaintiffs misrepresent two cases, which actually support Defendants' contention that Plaintiff has failed to plead with particularity. *See* Tiesinga v. Dianon Systems, Inc., 231 F.R.D. 122 (D.Conn. 2005); In re Rockefeller Center Properties Securities Litigation, 311 F.3d 198 (3rd Cir. 2002).

Plaintiffs' reliance on Tiesinga is misplaced and misleading, as Plaintiffs erroneously infer that the Tiesinga Court denied a motion to dismiss vague fraud allegations based on an exception to the particularity requirement of Fed. R. Civ. P. 9(b). In Tiesinga, the defendant filed a motion to dismiss the Government's complaint, which alleged that Defendant engaged in

a fraudulent scheme to bill federal healthcare programs over a nine year period of time, for failure to plead with particularity. 231 F.R.D. at 123. Because the Government indicated a willingness to amend its complaint to provide further information regarding the alleged fraudulent scheme, the defendant's motion to dismiss was denied without prejudice. Id. at 124.

The Tiesinga Court noted that although the alleged fraudulent scheme possibly involved tens of thousands of fraudulent billings over the course of nine years (making the proposition of identifying each fraudulent bill impossible) the Government could at least expound on its very general allegations regarding the operation of the alleged fraudulent scheme with examples from specific time periods. Id. at 123. In the instant case, the Plaintiffs fail to identify even a general estimation of the time period during which the alleged fraudulent acts took place, the number of alleged fraudulent acts, the location(s) of the alleged fraudulent acts, or to provide examples of particular pay periods during which the alleged fraudulent acts occurred. As such, Plaintiffs' claim for fraud falls far short of the heightened pleading requirement of Fed. R. Civ. P. 9(b).

Plaintiff's reference to In re Rockefeller Center Properties Securities Litigation is likewise misleading. In that case, the Court dismissed each of the Plaintiffs' seven claims of fraud for failure to meet the heightened pleading requirement of Fed. R. Civ. P. 9(b) and the Reform Act.[4] Plaintiffs herein take out of context the Court's reference to an exception to Fed. R. Civ. P. 9(b) where the factual information is peculiarly within the defendant's control, because the Court does not apply that exception. Indeed, the Court actually stated, "[N]evertheless, even when the defendant retains control over the flow of information, 'boilerplate and conclusory allegations will not suffice. Plaintiffs must accompany their legal

---

[4] 15 U.S.C. §§78u-4(b)(1), (b)(2) indicates a heightened pleading requirement applicable to plaintiffs alleging securities fraud.

theory with factual allegations that make their theoretically viable claim plausible.'" 311 F.3d at 216.

Plaintiffs argue, without applicable authority, that they are not subject to the heightened pleading requirement because a) this case is complex; b) the alleged events occurred over an extended period of time; and c) factual information is peculiarly within the defendant's control. Yet, Plaintiffs fail to offer an explanation as to how this case is complex and fail to specify a time period and or location(s) where the alleged fraudulent conduct occurred. Moreover, Plaintiffs have failed to offer ***any authority*** to suggest that any of these facts in any way mitigates the requirement of pleading with particularity imposed by Fed. R. Civ. P. 9(b). Further, the alleged fraud is not "peculiarly within the defendants' control." Plaintiffs must know when they were scheduled to work, when they actually worked, what they were paid and what they allegedly should have been paid—yet plaintiffs fail to offer a single iota in this regard, and fail to even hint at when the alleged fraud occurred and when they supposedly became aware of the alleged fraud.

Accordingly, Plaintiffs' claim for fraud must be dismissed for failure to plead with particularity, as required by Federal Rule of Civil Procedure 9(b).

## CONCLUSION

Accordingly, Defendants Flight Services & Systems, Inc. and Todd Dunmyer respectfully request that this Court grant their motion to dismiss portions of Plaintiffs' Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), and, more specifically, issue an Order:

1. dismissing Plaintiffs' First Claim for Relief as alleged against Defendant FS&S, leaving only Plaintiff Lopez's national origin discrimination claim and Plaintiff Cromer's race/color discrimination claim

2. dismissing Plaintiffs' Second Claim for Relief in its entirety;

3. dismissing Plaintiffs' Ninth, Tenth, Eleventh, Twelfth and Thirteenth Claims for Relief in their entirety;

4. alternatively, dismissing Plaintiffs' Ninth Claim for Relief because this claim was not plead with particularly, as required by Federal Rule of Civil Procedure 9(b); and

5. granting such other and further relief as this Court deems just and appropriate.

**UNDERBERG & KESSLER LLP**

/s/ R. Scott DeLuca
R. Scott DeLuca, Esq.
Elizabeth A. Cordello, Esq.
*Attorneys for Defendants*
**FLIGHT SERVICES & SYSTEMS, INC. AND TODD DUNMYER**
1900 Main Place Tower
Buffalo, New York 14202
Telephone: (716) 848-9000
Facsimile: (716) 847-6004
E-Mail: sdeluca@underbergkessler.com;
ecordello@underberkessler.com

## CERTIFICATE OF SERVICE AND FILING

I, R. Scott DeLuca, Esq., hereby certify and affirm that on the 21st day of December, 2007, I electronically filed the foregoing Defendants' Reply Memorandum of Law in Support of Motion to Dismiss Portions of Plaintiffs' First Amended Complaint, and the Appendix of Unreported Cases, with the Clerk of the United States District Court for the Western District of New York using its CM/ECF system, which would then electronically notify the following CM/ECF participants of this filing:

**PHILLIPS LYTLE LLP**
John L. DeMarco, Esq.
Chad W. Flansburg, Esq.
E-Mail: cflansburg@phillipslytle.com.

**UNDERBERG & KESSLER LLP**

/s/ R. Scott DeLuca
R. Scott DeLuca, Esq.
Elizabeth A. Cordello, Esq.
*Attorneys for Defendants*
**FLIGHT SERVICES & SYSTEMS, INC.
AND TODD DUNMYER**
1900 Main Place Tower
Buffalo, New York 14202
Telephone: (716) 848-9000
Facsimile: (716) 847-6004
E-Mail: sdeluca@underbergkessler.com;
ecordello@underberkessler.com