UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

**JOSE R. LOPEZ, RICHARD COLON** and
**JAMES E. CROMER**,

                Plaintiffs,

vs.

**FLIGHT SERVICES & SYSTEMS, INC.** and
**TODD DUNMYER**,

                Defendants.


# DEFENDANTS' REPLY MEMORANDUM OF LAW
# IN FURTHER SUPPORT
# OF THE MOTION FOR SUMMARY JUDGMENT

Civil Action No. 07-CV-06186 CJS(Fe)


UNDERBERG & KESSLER LLP
Attorneys for Defendants
Flight Services & Systems, Inc. and
Todd Dunmyer
300 Bausch & Lomb Place
Rochester, New York 14604
Telephone: (585) 258-2800

Elizabeth A. Cordello, Esq., of Counsel

## **PRELIMINARY STATEMENT**

This Reply Memorandum of Law is submitted on behalf of defendants FLIGHT SERVICES & SYSTEMS INC. ("FSS") and TODD DUNMYER ("Dunmyer") (collectively, "Defendants") in further support of the motion for summary judgment pursuant to Federal Rule of Civil Procedure ("FRCP") 56.

For the reasons set forth below, and as asserted in Defendants' Memorandum of Law in support of its Motion for Summary Judgment ("Defendants' Memorandum"), the Attorney Affidavit of Elizabeth A. Cordello dated July 15, 2011 ("Cordello Affidavit") and Defendants' Statement of Undisputed Material Facts Pursuant to F.R.C.P. 56(a)(1) ("Defendants' Statement"), Defendants respectfully request that this Court issue an Order granting Defendants' motion for summary judgment and, more specifically, issue an Order:

1. dismissing Plaintiffs' Complaint in its entirety, including the claims asserted under Title VII of the Civil Rights Act ("Title VII"); 42 U.S.C. § 1981 ("§ 1981") and New York Executive Law § 296 ("HRL"); and

2. granting such other and further relief as this Court deems just and appropriate.

2

G:\Microsoft\UKF\FlightServicesSystems\Cromer.Lopez.Colon Litigation\Pleadings\Motion for Summary Judgment\SMJ.Reply.MOL.120811.doc

# ARGUMENT

## POINT I

### PLAINTIFFS LOPEZ AND COLON CONCEDE THEIR CLAIMS UNDER TITLE VII ARE UNTIMELY AND MUST BE DISMISSED FOR FAILURE TO EXHAUST THE REQUIRED ADMINISTRATIVE PROCESS

Plaintiffs' Rule 56 Statement ("Plaintiffs' Statement") concedes the dates of employment and the dates of filing with the New York State Division of Human Rights. See Defendants' Statement at ¶¶ 2, 4, 6, 8 and Plaintiffs' Statement at ¶¶ 2, 4, 6, 8. Furthermore, Plaintiffs do not cite to any case law disputing the legal authority relied upon by Defendants that their complaints filed with the New York State Division of Human Rights were untimely for purposes of Title VII. See Plaintiffs' Memorandum in Opposition to Motion for Summary Judgment ("Plaintiffs' Memorandum"). Therefore, Plaintiffs Lopez and Colon's claims under Title VII must be deemed untimely and dismissed for failure to exhaust the administrative process.

## POINT II

### PLAINTIFFS CROMER AND COLON CONCEDE THEY WERE NOT BETTER QUALIFIED FOR SOUGHT POSITIONS THEREFORE THEIR FAILURE TO PROMOTE CLAIMS MUST BE DISMISSED.

Plaintiffs' Statement states Plaintiffs Cromer and Colon[1] were "differently but equally" qualified for the relevant positions as their Caucasian comparators. See Plaintiffs' Statement at ¶ 13. Defendants' Memorandum cites various legal precedent,

---

[1] Plaintiff Lopez does not assert a failure to promote claim.

3

G:\Microsoft\UKF\FlightServicesSystems\Cromer.Lopez.Colon Litigation\Pleadings\Motion for Summary Judgment\SMJ.Reply.MOL.120811.doc

which all supports the proposition that a plaintiff must demonstrate he is clearly <u>more</u> qualified for the sought position than the individual(s) selected.  <u>See</u> Defendants' Memorandum at Point III.  Plaintiffs' Memorandum does not distinguish the cited legal authority nor offers any case law stating a plaintiff can prevail on a failure to promote claim by alleging he is "equally" qualified for the sought position.  <u>See</u> Plaintiffs' Memorandum at Point II.  Therefore, Plaintiffs Cromer's and Colon's claims for failure to promote must be dismissed as a matter of law.

## POINT III

### PLAINTIFFS LOPEZ AND COLON CONCEDE THE PURPORTED ENGLISH ONLY/NO SPANISH POLICY DOES NOT VIOLATE TITLE VII, § 1981, AND/OR HRL

Plaintiffs' Statement concedes Plaintiffs Lopez and Colon are: (a) fluent in both English and Spanish; (b) were asked to refrain from speaking Spanish in the workplace because non-Spanish speaking co-workers allegedly complained they were uncomfortable[2]; and (c) Plaintiff Lopez was called upon to utilize his Spanish speaking skills to assist passengers and co-workers.  <u>See</u> Defendants' Statement at ¶¶ 22, 25, 26, 27, 28 and 29 and Plaintiffs' Statement at 22, 25, 26, 27, 28 and 29.

Because Plaintiffs concede these facts, their claims of discrimination based upon the alleged English only / no Spanish policy must fail based upon the legal precedent cited by Defendants' Memorandum.  <u>See</u> Defendants' Memorandum at Point VI.  Plaintiffs do not cite any case law nor make any arguments distinguishing these cases

---

[2] Defendants do not admit Plaintiffs Lopez and Colon were asked to refrain from speaking Spanish, but for purposes of this motion it will be assumed Plaintiffs can establish this allegation.

4

G:\Microsoft\UKF\FlightServicesSystems\Cromer.Lopez.Colon Litigation\Pleadings\Motion for Summary Judgment\SMJ.Reply.MOL.120811.doc

in Plaintiffs' Memorandum.  As such, Plaintiffs Lopez's and Colon's discrimination claims based upon the purported English only / no Spanish policy must be dismissed.

## POINT IV

**PLAINTIFFS FAIL TO RAISE AN ISSUE OF FACT REGARDING THEIR CLAIMS OF RETALIATION AS SUCH THOSE CLAIMS MUST BE DISMISSED.**

Plaintiffs' Statement concedes that Defendant FSS had an anti-discrimination policy and a procedure wherein a written internal complaint form should be completed and returned to Human Resources.  See Defendants' Statement at ¶¶ 30-31 and Plaintiffs' Statement at ¶¶ 30-31.  For the reasons set forth below, Plaintiffs will be unable to credibly establish unlawful retaliation, as such all claims for retaliation under Title VII, § 1981 and HRL must be dismissed.

**Colon**:  Plaintiffs' Statement denies Plaintiff Colon's retaliation claim under Title VII was dismissed by Decision and Order dated January 23, 2008.  See Plaintiffs' Statement of Facts at ¶ 34.  However, the fact remains that such claim was in fact dismissed.  See Defendants' Statement of Facts at ¶ 34 and Docket No. 22.  Furthermore, while Plaintiffs deny Defendants' assertion that Plaintiff Colon never complained of discrimination, Plaintiffs rely on an erroneous cite to Plaintiff Lopez's affidavit and do not cite any evidence in the record, in contrast to the many citations to the record in Defendants' Statement of Facts.  Compare Defendants' Statement at ¶ 32 and Plaintiffs' Statement at ¶ 32.  Further, Plaintiffs concede that Plaintiff Colon did not use the formal complaint procedure during his employment. See Defendants' Statement at ¶ 37 and Plaintiffs' Statement at ¶¶ 37.  Finally, while Plaintiffs' Memorandum sets

5

forth arguments in favor of Plaintiff Cromer and Lopez's retaliation claims, it does not mention Plaintiff Colon at all. See Plaintiffs' Memorandum at Point III.

For all of the foregoing reasons, Plaintiff Cromer's remaining retaliation claims must be dismissed in their entirety.

**Lopez:** Plaintiffs concede that Plaintiff Lopez received Defendant FSS's anti-discrimination policy. See Defendants' Statement at ¶ 39 and Plaintiffs' Statement at ¶ 39. While Plaintiffs dispute Defendants' citations to the record that Plaintiff Lopez never utilized the formal complaint procedure process and gave conflicting testimony as to whether he informally complained, Plaintiffs fail to offer even a scintilla of evidence other than completely unrelated portions of Defendant Dunmyer's transcript. Compare Defendants' Statement of Facts at ¶ 40 and Plaintiffs' Statement of Facts at ¶ 40. Plaintiff Lopez's post-deposition self-serving affidavit[3] asserts he informally complained, but he does not offer any evidence to support it, nor does he explain why he did not utilize the written complaint procedure that he admits he received. Attorney Declaration of Van White at Exhibit C, ¶¶ 10-11.

The case relied upon by Plaintiff Lopez in support of his retaliation claim is inapplicable to the instant case. See **Azon v. Metro. Transp. Auth.**, 2002 WL 959563 (S.D.N.Y. May 9, 2002). In **Azon**, the court inferred the plaintiff was retaliated against when the plaintiff demonstrated the supervisor was reprimanded shortly after plaintiff made a protected complaint. Even assuming Plaintiff Lopez could establish he complained (which he cannot), there is no allegation or evidence in the record that Defendant Dunmyer was ever reprimanded in connection with any complaints.

---

[3] Plaintiff Lopez did not correct his deposition transcript by offering an errata sheet.

6

G:\Microsoft\UKF\FlightServicesSystems\Cromer.Lopez.Colon Litigation\Pleadings\Motion for Summary Judgment\SMJ.Reply.MOL.120811.doc

For the foregoing reasons, Plaintiff Lopez's complaints of retaliation under Title VII, § 1981 and HRL must be dismissed with prejudice.

**Cromer**:  Plaintiff Cromer concedes the following: (a) he received Defendant FSS's anti-discrimination policy and written complaint procedure; (b) he used the written complaint procedure successfully with respect to an allegation unrelated to this lawsuit; (c) he <u>never</u> used the written complaint procedure regarding his complaints of discrimination against Defendant Dunmyer; and d) as soon as Defendant FSS was notified by OSHA that Plaintiff Cromer was not at fault for a workplace accident, Defendant FSS paid his back pay and offered Defendant Cromer his job back which he declined.  See Defendants' Statement at ¶¶ 42 - 46 and Plaintiffs' Statement at ¶¶ 42-46.  These concessions indicate Plaintiff Cromer cannot credibly establish that he notified Defendants of a protected activity, nor that the proffered reason for termination was a pretext for discrimination.  Likewise, Plaintiffs' Memorandum offers no case citation or analysis as to how Plaintiff Cromer could succeed on a retaliation claim under Title VII, § 1981 or HRL, as such these claims must be dismissed.

## POINT V

### PLAINTIFFS FAIL TO RAISE AN ISSUE OF FACT REGARDING ADVERSE EMPLOYMENT ACTION

As a matter of law, Plaintiffs cannot establish that they were terminated or otherwise suffered an adverse employment action and therefore their claims of discrimination under Title VII, §1981 and HRL must be dismissed.  To wit:

7

G:\Microsoft\UKF\FlightServicesSystems\Cromer.Lopez.Colon Litigation\Pleadings\Motion for Summary Judgment\SMJ.Reply.MOL.120811.doc

**Colon**:  Aside from the failure to promote claim discussed in Point II herein, the only other adverse employment action asserted by Plaintiff Colon is discriminatory assignment of job duties.  Plaintiff Colon fails to assert a material issue of fact regarding the assignment of job duties and as such his discrimination claims on this basis must fail.

Specifically, Plaintiff Colon concedes the tasks assigned to him were part of his job description as a Ramp Agent.  See Defendants' Statement at ¶ 36 and Plaintiffs' Statement of Facts at ¶ 36.  While Plaintiff's Statement attempts to assert Caucasian employees received more assistance in task assignments, there are no citations to the record to support this proposition, only a reference to unrelated matters in Exhibit C attached to the Attorney Declaration of Van White, Esq.  See Plaintiffs' Statement of Facts at ¶ 36.

Plaintiffs' Memorandum relies on **Hill v. Taconic DDSO**, 283 F. Supp. 2d 955 (S.D.N.Y. September 22, 2003) in support of the proposition that Plaintiff Colon's job assignments were discriminatory, however that reliance is misplaced.   In **Hill**, plaintiff was forbidden to undertake tasks that were part of her job description.  See id. at 959 (plaintiff told not to counsel subordinates, while white supervisors were not prevented from doing so).  In the instant case, Plaintiff was tasked with duties that were part of his job description and for the reasons set forth in Point IV of Defendants' Memorandum, the allegation that such assignments were 'unfair', without more, simply do not constitute discrimination.  Furthermore, as discussed under Point IV herein, Plaintiff Colon never complained such job assignments were discriminatory.  As such, Plaintiff

8

Colon's complaints of discrimination based upon assignment of job duties must be dismissed.

**Lopez**:  Plaintiff Lopez concedes that Defendant Dunmyer hired him, and twelve weeks later terminated his employment for attendance and performance issues.  See Defendants' Statement at ¶¶ 23-24 and Plaintiffs' Statement at ¶¶ 23-24.  Plaintiff Lopez asserts the proffered reason for termination was a pretext for discrimination (Plaintiffs' Statement at ¶ 24) because he was written up for work on days he was not scheduled, inferring that such write ups were fabricated.  However, Plaintiff Lopez admitted in his deposition testimony that just because he was not on the schedule did not mean he was not committed to work that day, in other words sometimes he worked unscheduled shifts.  See Defendants' Statement of Facts at Exhibit A, p. 70 lines 1 through 4.  As such, Plaintiff Lopez cannot establish the proffered reason for his termination was a pretext for discrimination and as such his claims for discrimination must be dismissed as a matter of law.

**Cromer**:   In the opposition to this motion for Summary Judgment, Plaintiff Cromer asserts for the first time that he was subjected to a hostile work environment based upon the use of such terms as "nigger", "black jack", "black boy".  See Plaintiffs' Memorandum at Point I A.  These allegations were never asserted before the Division of Human Rights, nor were these allegations ever asserted in the Plaintiffs' First Amended Complaint.  See Docket No. 10.  However, even if the Court saw fit to entertain these new allegations, there is no evidence to support them.  Indeed, Plaintiffs do not assert these statements as material facts in Plaintiffs' Statement, nor do the Plaintiffs refer to any evidence in the record.  All Plaintiffs offer in support of this belated

and disingenuous allegation is Plaintiff Cromer's post-deposition self-serving Affidavit. See Exhibit A to the Attorney Declaration of Van White, Esq. at ¶¶ 32-34.

The only reference to a racially derogatory term addressed to Plaintiff Cromer that has some basis in reality is the statement made by Plaintiff Cromer's co-worker Scott Kennett. See Defendants' Statement of Facts at ¶ 43 and Plaintiffs' Statement of Facts at ¶ 43. Plaintiffs concede Plaintiff Cromer made a written complaint about this incident, which was immediately investigated and remedied by Defendant Dunmyer. See id. The term used by Mr. Kennett was "black boy". See Exhibit B to Cordello Affidavit, documents Bates-stamped FSS 000772-000773. While this term is unquestionably offensive, it is not "nigger" as irresponsibly and erroneously stated in Plaintiffs Memorandum, Point I A, second paragraph. Moreover, this incident is not part of the instant lawsuit. If anything, this incident demonstrates that Defendants do not condone discrimination and begs the question, if Plaintiff Cromer formally complained regarding this incident, why did he not formally complain with respect to the allegations in this lawsuit?

It is difficult to discern from Plaintiffs' Memorandum precisely what cases are being referred to in support of the proposition that a 'single act' can create a hostile work environment, however, it is well settled in this circuit that such isolated or discrete instances do not create the inference of a hostile work environment. To establish a hostile atmosphere, plaintiffs must prove more than a few isolated incidents of racial enmity. **Snell v. Suffolk County**, 782 F.2d 1094, 1103 (2d Cir. N.Y. 1986).

10

G:\Microsoft\UKF\FlightServicesSystems\Cromer.Lopez.Colon Litigation\Pleadings\Motion for Summary Judgment\SMJ.Reply.MOL.120811.doc

For these reasons, and for the reasons set forth under Point II herein, Plaintiffs Cromer and Lopez cannot establish a claim for discrimination for hostile work environment.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant its Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56, and, more specifically, issue an Order:

1. dismissing Plaintiff's Complaint in its entirety; and

2. granting such other and further relief as this Court deems just and appropriate.

Dated:  Rochester, New York
        December 8, 2011

                                                          UNDERBERG & KESSLER LLP

                                                          /s/  Elizabeth A. Cordello
                                                          _____
                                                          Elizabeth A. Cordello, Esq., of Counsel
                                                          Attorneys for Defendants
                                                         Flight Services & Systems, Inc. and
                                                          Todd Dunmyer
                                                          300 Bausch & Lomb Place
                                                          Rochester, New York 14604
                                                          Telephone: (585) 258-2800